# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MURPHY,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>    Defendant. | No. 1:18-cv-00712-GSA<br><br>**ORDER TO SHOW CAUSE FOR PLAINTIFF'S FAILURE TO FILE OPENING BRIEF** |

Paragraph 6 of the Scheduling Order in the above-captioned case provides that if the parties do not agree to remand the case following the exchange of confidential letter briefs, Plaintiff shall file with the Court and serve on Defendant her opening brief. Doc. 5 at 2, ¶ 6. Although over thirty days have elapsed since the date on which Defendant filed her response (January 22, 2019), Plaintiff has neither filed an opening brief nor requested an extension of time in which to do so.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to

1

manage its docket.  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Given the above, Plaintiff is hereby ORDERED *to file a written response* to this Order to Show Cause WITHIN twenty (20) days of the date of this Order, explaining why she has not filed an opening brief in accordance with the provisions of the Scheduling Order (Doc. 5).  In the alternative, Plaintiff may file an opening brief within twenty (20) days of the date of this order.

In addition, counsel for Defendant is hereby DIRECTED to advise the Court in writing whether they have received correspondence or other information concerning the failure of Plaintiff's counsel to prosecute this and other cases currently pending before the Court in a timely manner.

**Failure of Plaintiff to respond to this Order to Show Cause within the time specified may result in monetary of other sanctions.**

IT IS SO ORDERED.

Dated: **March 5, 2019**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE